IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ELLIOTT TIMOTHY SCOTT | § | |
| v. | § | CIVIL ACTION NO. 6:13cv554 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Elliott Scott, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Scott pleaded guilty to the offense of delivery of a controlled substance, receiving a sentence of 45 years in prison and a $10,000.00 fine. He also pleaded "true" to two enhancement paragraphs in the indictment. On appeal, the Twelfth Judicial District Court of Appeals modified his sentence so as to delete the fine.

In his federal habeas petition, Scott complained that he received ineffective assistance of counsel because his lawyer, John Jarvis, told him that even though there was no evidence, if he went to trial he would receive an "automatic life sentence" because he had been to prison twice before. He also complains that although there was a video, it did not reflect the delivery of any drugs, and recorded phone calls also contained no mention of drugs. The Respondent filed an answer arguing that Scott's guilty plea was knowing and voluntary and that Scott signed written plea admonishments stipulating to the evidence of the charged offense. The Respondent also argued that Scott offered

no evidence that his plea was involuntary or that but for counsel's performance, he would not have pleaded guilty, but would have insisted on going to trial. Scott did not file a response to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that Scott's application for habeas corpus relief be denied. The Magistrate Judge observed that at the plea hearing, Scott testified that he understood the charges against him and that he understood the consequences of a guilty plea. Scott also stated that he was pleading guilty because he was guilty and for no other reason, and that no one had forced him to plead guilty or promised him anything for doing so.

Scott asked that the Court review the affidavit of his attorney, and the Magistrate Judge did so. This affidavit explained that although the video did not show an actual hand to hand transaction of drugs, it showed the confidential informant approaching Scott, and the recorded phone calls do not mention "drugs" but do mention a dollar amount or "bill" which could be considered slang for a certain amount of drugs. The Magistrate Judge also stated that affidavits from the police officers involved describe the confidential informant's purchase of cocaine from Scott. Scott signed a stipulation of evidence attesting that he had sold cocaine. Because Scott failed to show that his sworn statements at the guilty plea proceeding were untrue or that his plea of guilty was anything other than knowing and voluntary, the Magistrate Judge recommended that habeas corups relief be denied.

In his objections to the Magistrate Judge's Report, Scott says that Jarvis told him he would receive an "automatic life sentence" in the event he was found guilty by a jury. He says that this is "uncontradicted" because the Respondent's answer and Jarvis' affidavit are devoid of any evidence rebutting this claim. Scott asserts that this faulty advice was a decisive factor in his decision to waive his right to a jury trial and enter a plea of guilty. He also says that the State's case against him was "infirm" because of the credibility issues of the informant, who Scott describes as a "drug addicted hooker" and the lack of any evidence proving beyond a reasonable doubt who, if anyone, sold the informant the cocaine.

The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Scott has offered nothing beyond his own bald and conclusory assertions to show that counsel advised him he would receive an "automatic life sentence" if he went to trial. The record of the guilty plea proceeding shows that Scott was correctly advised by the trial court that the sentencing range would be 25 to 99 years or life in prison, and Scott stated he understood this. (Reporter's Record, vol. IV, p. 5). In the absence of any substantiation in the record, Scott's assertion lacks probative evidentiary value.

Although Scott complains that there was "no evidence" of his guilt, his own signed stipulation of guilt is sufficient evidence to uphold the conviction. *See Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) (guilty plea is more than a mere confession, but is an admission that the defendant committed the charged offense). Had the case gone to trial, the affidavits of the police officers indicate that sufficient evidence existed upon which to convict Scott. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Elliott Scott is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby

**DENIED.**

**It is SO ORDERED.**

**SIGNED this 27th day of May, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE