IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ELLIOTT TIMOTHY SCOTT | § | |
| v. | § | CIVIL ACTION NO. 6:13cv554 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTIONS FOR RECONSIDERATION

The Petitioner Elliott Scott, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Scott was convicted on his plea of guilty of the offense of delivery of a controlled substance with two enhancement paragraphs, receiving a sentence of 45 years in prison and a $10,000.00 fine. On direct appeal, the fine was deleted, but the conviction was otherwise upheld.

In his federal habeas petition, Scott complained, *inter alia,* that he received ineffective assistance of counsel in that his attorney, John Jarvis, told him that if he went to trial, he would receive an "automatic life sentence" because he had already been to prison twice before. After a review of the pleadings and the state court records, the Court issued a Report recommending that Scott's petition be denied. The state court records show that Scott signed a stipulation of evidence attesting that he had delivered cocaine to the informant, and he testified that he was aware that the range of punishment was 25 to 99 years or life. Scott also testified that he was pleading guilty because he was guilty and for no other reason and that no one had threatened him or tried to force

him to plead guilty. The Court concluded that Scott failed to show that counsel was ineffective or that his guilty plea was anything other than knowing and voluntary. The recommendation was adopted over Scott's objections; the district court noted that Scott failed to offer anything beyond bald assertions, unsubstantiated by anything in the record, to show that Jarvis had threatened him with an "automatic life sentence." Scott's petition was dismissed on May 27, 2014.

On June 13, 2014, Scott filed two separate motions for reconsideration. In these motions, Scott argued that the record was "uncontradicted" that Jarvis had told him he faced an "automatic life sentence" if he went to a jury trial, and that this threat amounted to a "considerable deterrent." He complained that the trial court "never corrected this misperception" and that the record was "completely devoid of any evidence" that he was ever admonished or otherwise informed by the trial court that he did not face an automatic life sentence if he insisted on going to trial or that Jarvis' assertion that he would receive an "automatic life sentence" was incorrect.

On June 19, 2014, the Magistrate Judge issued a Report recommending that Scott's motions for reconsideration, construed as motions for relief from judgment under Fed. R. Civ. P. 59, be denied. The Magistrate Judge observed that Scott still offered nothing but bald and conclusory allegations to support his claim that Jarvis told him he would receive an "automatic life sentence." The Magistrate Judge also stated that contrary to Scott's contention that the trial court never told him otherwise, the record clearly showed that the trial court told Scott that the sentencing range was 25 to 99 years or life, which Scott testified that he understood. Furthermore, Scott signed an "Acknowledgment of Admonishments" stating that he was charged as a habitual offender, carrying a range of punishment of "imprisonment in the Texas Department of Criminal Justice, Institutional Division for life or for any term of not more than 99 years or less than 25 years." The Magistrate Judge concluded that Scott was aware of the correct range of punishment at the time he entered his guilty plea and that his motions for relief from judgment were without merit.

In his objections to the Magistrate Judge's Report, Scott says that he was "clearly and unquestionably misinformed" by Jarvis, who told him that if he went ahead and exercised his right to a jury trial, an "automatic life sentence" was the sentence he faced. He insists that Jarvis did not say a "possible life sentence" or "up to a life sentence," but an "automatic life sentence." Scott points to nothing in the record to substantiate this claim, nor does he explain why he testified that he understood the range of punishment to be 25 to 99 years or life after he claims his attorney told him he faced an "automatic life sentence."

Scott goes on to say that he has made no ambiguous assertions with respect to his claim that Jarvis' alleged misinformation was the decisive factor in compelling him to give up his right to a jury trial. While his assertions may not be ambiguous, they are nonetheless conclusory and unsubstantiated, and therefore lack probative evidentiary value. *Ross v. Estelle*, 695 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983).

Finally, Scott contends that the evidence against him was "weak at best." However, in the plea proceedings, Scott testified that he was pleading guilty because he was guilty and for no other reason. The Magistrate Judge stated in the Report recommending dismissal of the case that Scott's signed stipulation of guilt is sufficient evidence to uphold the conviction and that the affidavits of the police officers indicated that enough evidence existed to convict Scott at trial. Scott's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 32) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Petitioner's motions for reconsideration (docket no.'s 29 and 30) are hereby **DENIED**. Fed. R. Civ. P. 59. It is further

**ORDERED** that the Petitioner's motion for extension of time to file objections (docket no. 35) is **DENIED** as moot, inasmuch as Scott has filed his objections and these have been considered timely.

**It is SO ORDERED.**

**SIGNED this 23rd day of July, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE